IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:  TOPP'S MECHANICAL, INC., | CASE NO. BK21-40038-BSK |
| | CHAPTER 11, SUBCHAPTER V |
| Debtor. | |

**UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR APPROVAL OF PAYMENT OF ADMINISTRATIVE EXPENSES, NOTICE OF OBJECTION/RESISTANCE DEADLINE AND CERTIFICATE OF SERVICE**

Comes the United States Trustee by the undersigned counsel, in objection to the Application for Approval of Payment of Administrative Expenses, Notice of Objection/Resistance Deadline and Certificate of Service (the "Application") (Doc. No. 62) filed by Topp's Mechanical, Inc., Debtor, and for his Objection, respectfully states and alleges:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

2. The Debtor are a small business as defined by 11 U.S.C. § 101(51D). The Debtor has chosen to proceed under Subchapter V of Chapter 11.

3. James A. Overcash is the duly appointed and acting Subchapter V Trustee.

4. The Debtor filed a skeleton voluntary Chapter 11 Petition on January 15, 2021 (Doc. No. 1). On January 26, 2021, the Debtor moved to extend the time to file the remaining schedules and statements, which the Court granted.

5. On February 5, 2021, the Debtor filed its schedules and statements (Doc. No. 18).

6. On September 7, 2022, the Debtor filed the Application seeking to pay Luke Topp ("Mr. Topp"), a principal of the Debtor, for what the Debtor calls administrative expenses.

7. In the Eighth Circuit, the claimant bears the burden of proof to prove the existence of the expense by a preponderance of the evidence and a right to be paid as an administrative expense. *GE Cap. Commer. Inc. v. Sylva Corp.*, 519 B.R. 776, 779 (B.A.P. 8th Cir. 2014); *Williams v. IMC Mortg. Co. (In re Williams)*, 246 B.R. 591, 595 (B.A.P. 8th Cir. 1999). Here, the claimant would be Mr. Topp, as he

is the party with the purported claim against the Debtor. Therefore, it is his burden of proof.

8. Administrative expenses include the nine listed categories described in Section 503(b) of the Bankruptcy Code. The Application does not specify which subsection, if any, it specifically seeks authority to disburse funds under. However, the Application asserts that the expenses "represent the actual, reasonable and necessary expenses incurred in the operation" of the Debtor's business post-petition. (Doc. No. 195 at 2 ¶ 3). There is no indication if this is a reference to Section 503(b)(1)(A) which generally requires the claimant to request payment for expenses that preserved value to the estate, or if this is a reference to Section 503(b)(3)(D) which requires the expenses to be "incurred by -a creditor … in making a substantial contribution." *In re Keast Enterprises, Inc., et al*, 2020 WL 2764698 at *3 (Bankr. S.D. Iowa May 26, 2020). To be successful on the Application under either of these subsections, Mr. Topp, as the claimant must establish: "1) that the claimed expenses arose post-petition involving a transaction with the debtor; and 2) that the estate benefited in some demonstrable or tangible way." *Id.* (citations omitted). Further, the benefit conferred must be a "concrete benefit"; "a merely incidental or tenuous benefit will not suffice." *Id.* (citing *In re Cheatle*, 150 B.R. 266, 269 (Bankr. D. Colo. 1993)). Under either subsection, the Application fails to explain what concrete benefit the Debtor received.

9. The requested payments are also described as having been in the "usual and normal course of Debtor's business", but there is no discussion as to what the specific payments are, their purpose, or whether the principal making such payments is common in the Debtor's industry.

10. Additionally, even though the loans were disclosed on monthly operating reports, Mr. Topp and the Debtor never sought the Court's approval to incur indebtedness.

11. As Mr. Topp is an insider to the Debtor, the Application must establish that these payments meet the standards set forth by Section 503(c). The Application fails to do so.

12. With these deficiencies, the Application fails to establish Mr. Topp's entitlement to

reimbursement as an administrative expense holder.

13.     Further, Mr. Topp and his spouse have personally filed their own Chapter 12 bankruptcy, in this district at 22-40778-BSK ("Chapter 12 Bankruptcy"). The entirety of the statements and schedules are not yet filed, and the Section 341(a) first meeting of creditors has not yet occurred. The United States Trustee does not know if there are creditors in the Chapter 12 Bankruptcy that would have a claim to the funds described in the Application as administrative expenses. Therefore, the United States Trustee requests that should the Court grant the Application, even in part, that all funds for Mr. Topp be disclosed in the Chapter 12 Bankruptcy schedules and statements and be accounted for in the Chapter 12 bankruptcy plan.

WHEREFORE, this United States Trustee objects to the granting of the Application. In the alternative, if the Court grants the Application, even in part, the United States Trustee requests that should the Court grant the Application, even in part, that all funds for Mr. Topp be disclosed in the Chapter 12 Bankruptcy schedules and statements and be accounted for in the Chapter 12 bankruptcy plan.

DATED this 26th day of September, 2022.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

Respectfully Submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

JERRY L. JENSEN
ASSISTANT U.S. TRUSTEE

By: /s/   Sarah E. Tomlinson
SARAH E. TOMLINSON
WY Bar #7-6095; MO Bar #72441
Trial Attorney
Office of the United States Trustee
Thomas F. Eagleton Courthouse
111 South 10th Street
Suite 6.353
St. Louis, MO 63102
Telephone: (202) 590-7982
Sarah.E.Tomlinson@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing pleading on September 26, 2022 using the CM/ECF system which sent notification to all CM/ECF participants, including:

*Carly Bahramzad*, carly@foresigh.law
*Trev Peterson,* tpeterson@knudsenlaw.com
*Lisa Chandler,* lisa.chandler@ipfs.com
*Eric H. Lindquist*, bk@elindquistlaw.com
*Jason Roger Mitchell*, jmitchell@bqlaw.com
*Ryan J. Dougherty*, rdougherty@houghtonbradford.com
*Justin D. Eichmann*, jeichmann@houghtonbradford.com
*Jerry Jensen*, ustpregion13.om.ecf@usdoj.gov; jerry.l.jensen@usdoj.gov
*James A. Overcash*, trustee@woodsaitken.com

/s/ Sarah E. Tomlinson
SARAH E. TOMLINSON